UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

MARSHALL LOUIS RATLIFF,

    Plaintiff,

v.                                CIVIL ACTION NO. 5:19-cv-00585

JOHNATHAN WALTERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Marshall Louis Ratliff's Amended Complaint [Doc. 5] claiming entitlement to relief pursuant to 42 U.S.C. § 1983, filed October 21, 2019. Also pending is Defendant Johnathan Walters' Motion to Dismiss in Lieu of an Answer [Doc. 10], filed November 26, 2019. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on May 21, 2020. Magistrate Judge Aboulhosn recommended that the Court dismiss Mr. Ratliff's Amended Complaint without prejudice, deny Mr. Walter's Motion to Dismiss as moot, and remove the matter from the Court's docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v.*

*De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on June 8, 2020. Mr. Ratliff timely filed an objection on June 1, 2020 [Doc. 15].

In his objection, Mr. Ratliff objects generally to the dismissal of his suit for failure to prosecute. Mr. Ratliff contends that his failure to participate in the suit was due to the ongoing pandemic. To the extent that Mr. Ratliff's argument can be construed as an objection to Magistrate Judge Aboulhosn's finding that "Plaintiff is solely responsible for his lack of participation in the instant action," [Doc. 14 at 4], the Court overrules the objection. Indeed, Mr. Ratliff has not participated in this action since October of 2019 [Doc. 5], well before any restrictions were imposed upon him due to the current pandemic.

Beyond this liberally construed objection, Mr. Ratliff does not at any point identify a specific portion of the PF&R to which he objects. Instead, Mr. Ratliff simply relitigates his previous arguments of assault. Inasmuch as Mr. Ratliff has not raised any objections to any specific portion of the PF&R, he is not entitled to de novo review. *See Thomas*, 474 U.S. at 140; *Orpiano*, 687 F.2d at 47.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 14]**, **DISMISSES** Mr. Ratliff's Amended Complaint without prejudice [**Doc. 5**], **DENIES as moot** Mr. Walters' Motion to Dismiss [Doc. 10], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to any counsel of record and any unrepresented party herein.

ENTERED: September 22, 2020

Frank W. Volk
United States District Judge